```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------x
VIACOM INTERNATIONAL INC., a          :
Delaware corporation,                 :    07 Civ. 9237 (PKC)
                                      :
                Plaintiff,            :
                                      :
        v.                            :
                                      :
SPECIAL PRODUCTIONS, INC.             :
and MICHAEL DAVIDS a/k/a              :
MICHAEL H. DEMOS,                     :
                                      :
                Defendants.           :
----------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT

Plaintiff Viacom International Inc. ("Viacom") submits this memorandum of law in support of its application for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, Local Civil Rules 55.1 and 55.2, and the Individual Rules of Practice of Hon. P Kevin Castel.

On October 15, 2007, Viacom filed suit against Special Productions, Inc. ("Special Productions"), a provider of entertainment services, and its Executive Producer, President, and only known officer, Michael Davids a/k/a Michael H. Demos ("Davids") alleging multiple claims of direct and contributory copyright infringement, trademark infringement and dilution, and unfair competition under federal and various state laws arising from their unauthorized use of Viacom's intellectual property. *See* Affidavit of Marcia B. Paul ("Paul Aff't") at ¶ 3; Ex. A. Both defendants were served and proof of service was filed on November 15, 2007. *Id.* at ¶6; Ex. B. At a hearing before the Court on November 30, 2007, this Court advised Davids that his corporation, Special Productions, may not appear *pro se* and that it must be represented by counsel. Davids advised the Court that he was seeking such counsel both for Special

Productions and for himself. The Court ordered that counsel for Special Productions file an appearance on or before December 28, 2007 or it would be in default. *Id.* at ¶ 7; Ex. C. When no counsel appeared, the Clerk of the Court issued a Certificate of Default for Special Productions. *Id.* at ¶ 8; Ex. D. At a further hearing on January 11, 2008 (at which neither Davids nor counsel appeared), the Court confirmed that no counsel had filed an appearance for either defendant, notwithstanding Davids' prior oral advice that counsel had contacted the Court. Accordingly, the Court indicated that Viacom may apply for default judgment against Special Productions on or after January 21, 2008. The Court further ordered that Davids answer the complaint on or before February 8, 2008 or he would likewise be in default. *Id.* at ¶¶ 9, 10; Ex. E. A copy of the transcript of the January 11, 2008 conference was served on defendants. *Id.* When Davids failed to answer the complaint by February 8, 2008, plaintiff obtained a Certificate of Default. *Id.* at ¶ 11; Ex. F. As of today's date, no counsel have appeared for Special Productions and Davids has not answered the complaint. *Id.* at ¶ 12. Accordingly, Viacom now applies for entry of default judgment against both defendants.

## ARGUMENT

Because "[e]ntry of a default constitutes an admission of all well-pleaded allegations of the complaint by the defaulted party," defendants are now precluded from raising any "meritorious defense" to the claims asserted against them. *Federal Trade Commission v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 218, 221 (S.D.N.Y. 2002); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993).

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "shall not be different in kind from . . . that prayed for in the demand for judgment." In its complaint, filed October 15, 2007, Viacom requested the Court award the following relief:

*WHEREFORE, Viacom requests judgment against defendants, as follows:*

1. *For a permanent injunction prohibiting defendants and any of them and/or their officers, directors, agents, servants, employees, licensees and assigns, and all persons firms or corporations acting in concert or participation with them, including but not limited to Ray Grimard and Special Productions Inc. of Florida, a corporation organized and existing under the laws of Florida, from (1) using the SPONGEBOB SQUAREPANTS; DORA THE EXPLORER; GO, DIEGO, GO!; JIMMY NEUTRON; RUGRATS; and THE WILD THORNBERRYS names and the Viacom Marks or any colorable imitations of the Viacom Marks, on and in connection with the manufacture, advertisement, promotion, distribution and/or sale of any goods or services; (2) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Viacom's products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is any connection between defendants and Viacom or that defendants are acting under the authority of Viacom; and (3) committing any of the acts which will or are likely to tarnish, blur, or dilute the distinctive quality of the famous and distinctive Viacom Marks;*

2. *For a permanent injunction under 17 U.S.C. § 502, prohibiting defendants and their respective officers, directors, agents, servants, employees, licensees and assigns, and all persons, firms or corporations acting in concert or participation with them, from infringing in any manner any of the Viacom Copyrights;*

3. *For an order of impoundment pursuant to 17 U.S.C. § 503;*

4. *For an award of actual damages plaintiff has sustained as a result of defendants' acts of copyright and trademark infringement, unfair competition and dilution of the Viacom Marks and Properties, pursuant to 17 U.S.C. § 503, 15 U.S.C. § 1117(a), Fla. Stat. Chapter 501.211, and the common law, and a trebling of such damages pursuant to 15 U.S.C. § 1117(b) or Mass Gen Law. Chapter 93A § 11;*

5. *For an order requiring defendants to account for and pay over to plaintiff all gain, profits and advantages derived by defendants from its acts of infringement, unfair competition and dilution of the Viacom Marks and Properties, pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117(a) and the common law;*

6. *At plaintiff's election, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c), in an amount not more than $1,000,000 per counterfeit mark for each willful violation thereof.*

7. *At plaintiff's election, for an award of statutory damages pursuant to 17 U.S.C. § 504 in the amount of $150,000 for each willful violation thereof.*

8. *For an order awarding plaintiff prevailing party attorneys' fees under 17 U.S.C. § 505, Fla. Stat. Chapter 501.211, Mass Gen. Law Chapter 93A § 11, and/or by reason of defendants' egregious acts under 15 U.S.C. § 1117, together with costs and disbursements in this action;*

9. *For prejudgment interest according to law; and*

10. *For such other relief as the Court may deem just and proper.*

Complaint at ¶¶ 33-35. Because Viacom is not seeking relief in the instant motion that is "different in kind from" that demanded in the complaint, defendants have been on notice of the

risk that this judgment would be entered against them and entry of such a judgment is appropriate.

### 1. Viacom is Entitled to Injunctive Relief

Courts routinely grant injunctive relief through default judgments. *See, e.g., United We Stand America, Inc. v. United We Stand, America New York, Inc.*, 128 F.3d 86, 88 (2d Cir. 1997) (affirming default judgment in action to enjoin the use of plaintiff's registered service mark); *Gladys Music v. Bilbat Radio, Inc.*, 2007 U.S. Dist. LEXIS 76315, at *6 (W.D.N.Y. Oct. 15, 2007) (injunction awarded against unauthorized performances of plaintiff's music). In particular, the Copyright Act, 17 U.S.C. § 502, the Lanham Act, 15 U.S.C. §§ 116(a) and 1118, and N.Y. Gen. Bus. Law § 360-m specifically authorize injunctive relief in cases such as this, where the defendant has infringed plaintiff's copyrights and/or infringed and diluted the plaintiff's trademark rights. *See, e.g., GTFM, Inc. v. Solid Clothing Inc.*, 215 F. Supp. 2d 273, 307 (S.D.N.Y. 2002) (approving an injunction "prohibiting [defendant] from making any unauthorized use of [plaintiff's] trademarks or trade dress); *Sony Pictures Home Entm't Inc. v. Chetney*, 2007 U.S. Dist LEXIS 13314, at *9-10 (N.D.N.Y. Feb. 26, 2007) (injunction ordered pursuant to 17 U.S.C. § 502(a)).

Where, as here, defendants have defaulted and future violations are likely, an injunction is merited. *Id.* (granting permanent injunction "[s]ince by reason of her default, Defendant has admitted that she willfully infringed Plaintiffs' copyrights and there is nothing in the record to suggest that Defendant would not continue to violate Plaintiffs' copyrights"). The risk that defendants will continue to violate Viacom's intellectual property is substantial and evident. Defendants have, in the past, represented that they would cease their infringing conduct and have nonetheless continued to do so. *See* Paul Aff't ¶¶ 13 - 20, Exs. G - N. As late as October 11, 2007, just days before the complaint was filed and long after Davids had insisted to Viacom's

NYC 193125v2 0038015-000104

4

counsel that he was no longer engaging in its unauthorized and infringing activity, defendants continued to infringe Viacom's rights by offering to provide unauthorized appearances by Viacom characters in counterfeit costumes. *Id.* at ¶ 20; Ex N. In addition, Special Productions' written solicitation offered free "Dora" or "SpongeBob" appearances to consumers who contracted for its services for the following year, 2008. *Id. See also Gladys Music*, 2007 U.S. Dist. LEXIS 76315, at *6 (injunction appropriate on evidence of continuing infringement); *c.f. Dolori Fabrics, Inc. v. Limited, Inc.*, 662 F. Supp. 1347, 1358 (S.D.N.Y. 1987) (no injunction awarded when no probability of future infringements of plaintiff's copyrighted fabrics because of continuing business relationship between the parties and copyrighted design retains little value).

Therefore, Viacom is entitled to an injunction permanently enjoining Special Productions and Davids from infringing Viacom's copyrights or trademarks.

    **2.    Viacom is Entitled to an Award of Statutory Damages on Defendants' Copyright Infringement**

Under the Copyright Act, an infringer of a copyright is liable for either the copyright owner's actual damages and/or any additional profits of the infringer or, in the alternative and at its election, statutory damages. 17 U.S.C. § 504(a)(1); *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, 807 F.2d 1110, 1114 (2d Cir. 1986). On this motion, Viacom elects an award of statutory damages. Statutory damages are an available remedy when, as here, the infringement occurred after registration of the copyright. *Id.* Viacom's copyright registrations for the *SpongeBob SquarePants, Dora the Explorer, Go Diego Go!, The Adventures of Jimmy Neutron Boy Genius, Rugrats,* and *The Wild Thornberries* television series and movies, all pre-date the specific acts of infringement alleged in the complaint which are now incontestable. *See,* Schedule of Viacom's copyright registrations attached to the Complaint at Exhibit B, annexed to Paul Aff't, Ex. A.

Statutory damages may be awarded "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). An increased award may be granted if the infringement was willful; an award may be reduced to a minimum of $200 per infringement if the court finds that the infringement was "innocent." *Id.* at § 504(c)(2). *Fitzgerald Publishing*, 807 F. 2d at 1114.

Here, numerous facts indicate that both Special Productions' and Davids' infringements were in fact knowing and willful. As set forth in the complaint, defendants were repeatedly informed over a period of many months prior to the filing of suit that they were not authorized to solicit or promote costume character appearances or to prepare and perform unauthorized derivative works from plaintiff's works (Complaint ¶¶ 41-58). Notwithstanding that willful infringement, in an effort to avoid unnecessary additional expense on this motion, Viacom seeks an award only of the minimum statutory damages of $750 per infringement, and does not seek damages for counterfeiting and/or trademark infringement.[1] This Court may make such an award without the need for an inquest or a hearing. 4 *Nimmer* § 14.04[B][1][a] at 14-70. *See also Interscope Records v. Sharp*, 2007 U.S. Dist. LEXIS 93065, at * 6 (N.D.N.Y. Dec. 19, 2007) ("Since Plaintiffs seek the minimum statutory damages and have established infringement as a result of Defendant's default, it is not necessary for the Court to conduct a damage hearing

---

[1] These same indices of willfulness negate any suggestion that defendant's actions were merely "innocent" infringement such as to justify any downward departure from the statutory minimum. 17 U.S.C. § 504(c)(2). To justify a remittur below the $750 statutory minimum, the burden is on defendant to show that he "was not aware and had no reason to believe" that his acts were infringing. *Id.* As alleged (and now cannot be contested), Viacom informed defendants on numerous occasions prior to filing suit, that their actions were unauthorized and violated Viacom's rights. Complaint ¶¶ 41-58. As the Second Circuit has held, where a defendant fails to appear and defaults, a court *cannot* make a finding of innocence. *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990) (vacating finding of innocent infringement and increasing award of statutory damages from $200 to the then minimum statutory amount of $500 because defendants failed to appear in the suit).

before awarding damages."); *Capitol Records, Inc. v. Galindo*, 2007 U.S. Dist. LEXIS 64388, at * 6-7 (W.D.N.Y. Aug. 30, 2007) (awarding five minimum statutory damage amounts of $750 each on defendant's default based solely on plaintiff's papers).

Taking the allegations in the complaint as true, defendants are liable for 29 separate acts of infringement of plaintiff's registered copyrights, as follows:

- "Our Holiday Shows for 2007" brochure (Complaint ¶48; Paul Aff't Ex. A) – *SpongeBob SquarePants* TV series and movie and *Dora the Explorer* TV series (total 3)

- 2007 Costume Character Appearances Brochure (Complaint ¶49; Paul Aff't Ex. A – *SpongeBob SquarePants* TV series and movie, *Dora The Explorer* TV series, *Jimmy Neutron* TV series, *Rugrats* TV series and three movies; *The Wild Thornberries* TV series and movie (total 10)

- Three 20 minute shows featuring Diego (Complaint ¶ 50; Paul Aff't Ex. A) – *Go, Diego, Go!* TV series and 3 movie adventures (total 12)

- Four "Meet and Greets" (Complaint ¶ 51; Paul Aff't Ex. A) – *Dora the Explorer* TV series (total 4)

Accordingly, Viacom seeks statutory damages in the amount of 29 x $750 = $21,750.

### 3.  Viacom is Entitled to its Reasonable Attorneys' Fees and Costs

Viacom is entitled to an award of its reasonable attorneys' fees and costs incurred in bringing this action.

An award of attorneys fees for its copyright and related claims under 17 U.S.C. § 505 is a matter of the court's discretion. Because, however, "the Copyright Act intended to encourage suits to redress infringement, fees are generally awarded to a prevailing plaintiff." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 254 (2d Cir. 1992) (internal quotations omitted). In determining if costs and fees are appropriate, courts generally look to such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of

compensation and deterrence." *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995). Although a defendant's default will preclude application of all the factors, the default itself tends to show willfulness which justifies an award of attorneys fees. *See Van Der Zee v. Greenidge*, 2006 U.S. Dist. LEXIS 400, at * 11 (S.D.N.Y. Jan. 6, 2006) (*inter alia* failing to appear and defend the case constitutes willful conduct justifying attorneys' fees); *Wiley & Sons, Inc. v. Stuart*, 2006 U.S. Dist. LEXIS 6, at * 5-6 (S.D.N.Y. Jan. 4, 2006) (same).

Similarly, a Court may award attorneys' fees to the prevailing party in exceptional cases under the Lanham Act, 15 U.S.C. § 1117(a). Default of defendants in a trademark case is sufficient to justify the award of attorneys fees. *See The Guardian Life Insurance Co. of America v. John Does 1-10*, 2006 U.S. Dist. LEXIS 76762, at *4 ( S.D.N.Y. Oct. 23, 2006) (awarding $69,147 in attorneys fees and costs for Lanham Act claims because of defendants' default); *National Assoc. for the Specialty Food Trade, Inc. v. Construct Data Verlag AG*, 2007 U.S. Dist. LEXIS 13018, at * 3-4 (S.D.N.Y. Feb. 23, 2007) (awarding $78,292 in attorneys fees and costs because on default all allegations in the complaint are deemed true); *Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.*, 2006 U.S. Dist. LEXIS 23462, at *2 (S.D.N.Y. Mar. 21, 2006) (awarding reasonable attorneys fees under 15 U.S.C. § 1117(a) because defendant defaulted); *Christian Dior Couture v. Fred's Int. Handbags*, 2002 U.S. Dist. LEXIS 778, at *14 (S.D.N.Y. Jan. 17, 2002) (awarding attorneys' fees under 15 U.S.C. § 1117(a) against defaulting defendant). [2]

As set forth in the accompanying Paul Aff't, plaintiff has spent a total of $33,743.50 in fees and $3,033.90 in allowable in costs since June 2007 in drafting, filing and serving the complaint and in further prosecution of this suit, including two hearings before this Court and

---

[2] As alleged in the complaint, Viacom is also entitled to its reasonable attorneys fees pursuant to Fla. Stat. Chapter 501.211, Mass Gen. Law Chapter 93A § 11.

application for the Certificate of Default for each defendant. Paul Aff't, ¶¶ 22-30. The discounted fees for each attorney who worked on the case are at or close to the prevailing market rates for attorneys of comparable expertise providing comparable services in this district. *Id.* at ¶¶ 28, 29. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). *See, also, Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, 2005 U.S. Dist. LEXIS 18276, at *10 (S.D.N.Y. Aug. 22, 2005) (awarding $395 to $485 per hour for partners and $180 to $265 per hour for associates under 17 U.S.C. § 505); *Wiley*, 2006 U.S. Dist. LEXIS 6, at * 6-7 (recommending attorneys fees between $150 and $275 per hour in copyright case); *Van Der Zee*, 2006 U.S. Dist. LEXIS 400, at * 12-13 (rates of $150 to $350 per hour reasonable in copyright suit).[3]

In this case, plaintiff's total fees for certain tasks would have been lower but for defendants' bad faith. For example, Viacom had some difficulty in serving both Davids and Special Productions because Davids had been evicted from his last known address and no one was present at Special Productions' offices on the several occasions service was attempted. Paul Aff't at ¶ 6; Ex. B; ¶ 25. *See Guardian Life Insurance*, 2006 U.S. Dist. LEXIS 76762, at *4 (approving fees and expenses for investigation of defendant and service of process difficulties). Similarly, defendants' prevarication before this Court on the issue of representation for Special Productions has caused Viacom to incur significant additional fees.

---

[3] Indeed, given the recent rises in billing rates for litigation firms in New York City, the hourly fees cited in cases only a few years old may be now be somewhat low.

## CONCLUSION

For the foregoing reasons, Viacom respectfully requests that this Court grant the attached default judgment awarding Viacom a permanent injunction, statutory damages of $21,750, and attorneys fees and costs in the amount of $36,777.40.

Dated: New York, New York
February 27, 2008

DAVIS WRIGHT TREMAINE LLP

By: *Marcia B. Paul*
Marcia B. Paul (MBP 8427)
Christopher J. Robinson (CR 9165)

1633 Broadway
New York, New York 10019-6708
Phone (212) 489-8230

*Attorneys for Plaintiff Viacom International Inc.*

TO:   Michael Davids
      Special Productions, Inc.